IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CABOT OIL & GAS CORPORATION, §<br>Plaintiff, § § § | | |
| v. § | CIVIL ACTION NO. H-12-0665 | |
| §<br>WATER CLEANING SERVICES, §<br>LLC, *et al.*, §<br>Defendants. § | | |

## **MEMORANDUM AND ORDER**

This Lanham Act case is before the Court on the Motion to Dismiss Pursuant to Rules 12(b)(6) and 12(b)(3) ("Motion to Dismiss") [Doc. # 10] filed by Defendants Water Cleaning Services, LLC and M3P Water Services, LLC (collectively, "WCS").[1] Plaintiff Cabot Oil & Gas Corporation ("Cabot") filed a Response [Doc. # 20], and Defendants filed a Reply [Doc. # 21] as to the 12(b)(6) argument and a separate Reply [Doc. # 23] as to the 12(b)(3) argument. Having reviewed the full record and the relevant legal authorities, the Court concludes that venue is improper in the Southern District of Texas and transfers this case to the United States District Court for the Western District of Texas.

---

[1] Also pending is Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a) Motion") [Doc. # 11]. Because the Court is transferring the case to the Western District of Texas pursuant to 28 U.S.C. § 1406(a), the § 1404(a) Motion is denied as moot.

## I.     BACKGROUND

Cabot is a Delaware corporation with its principal place of business in Houston, Texas. Cabot operates the Marcellus Shale, a shale gas production field in Dimock Township, Pennsylvania. At the Marcellus Shale, Cabot uses a hydraulic fracturing process to access previously inaccessible gas reserves. The "frac water" used in the process is recycled by drawing the water to the well surface, then treating the water so it can be reused.

WCS is a company in Midland, Texas, that treats frac water used in oil and gas operations. Cabot alleges that WCS has a page on its website that falsely represents that WCS is currently treating the frac water from the Marcellus Shale. The website includes a photograph of the Marcellus Shale. Cabot complains that this website page suggests that Cabot endorses WCS's treatment process.

Cabot filed this lawsuit asserting a false endorsement claim under the Lanham Act. Cabot alleges that the website page "is likely to cause confusion or deceive as to the affiliation, connection, or association of WCS with Cabot." It is undisputed that Cabot and WCS are not competitors. Cabot seeks injunctive relief, but the Court has been informed that WCS has removed the website page that contains the Marcellus Shale information and photograph. Additionally, Cabot seeks "actual damages," costs and attorney's fees.

WCS filed a Motion to Dismiss asserting, *inter alia*, that venue in the Southern District of Texas is improper. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II.  VENUE ANALYSIS

The Lanham Act does not have a venue provision and, as a result, the general venue statute applies. *See Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir. 1995); *Brush Creek Trading Co. v. Zoes*, 2006 WL 1169577, *1 (W.D. Tex. Apr. 13, 2006). Cabot alleges and argues only that venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred in this district."

WCS argues that venue is not proper in this district because the webpage that gives rise to Cabot's Lanham Act claim was posted on WCS's website in Midland, Texas. "Once a defendant raises the issue of improper venue, the plaintiff has the burden to prove that venue is proper." *See Glazier Group, Inc. v. Mandalay Corp.*, 2007 WL 2021762, *13 (S.D. Tex. July 11, 2007) (Rosenthal, J.), and cases cited therein.

Cabot argues that the website can be accessed in the Southern District of Texas and "is likely to cause confusion" about whether Cabot endorses WCS's frac water treatment process. The Eighth Circuit in *Woodke* noted that "events or omissions

giving rise to the claim" means that the courts are "to focus on relevant activities of the defendant, not of the plaintiff." *Woodke*, 70 F.3d at 985. The Eighth Circuit reasoned that it is unclear how "a plaintiff's 'omissions' could ever be relevant to whether a claim has arisen." *Id.* Additionally, the Eighth Circuit noted that "while damages or potential adverse economic effect are a necessary part of a Lanham Act claim, if Congress had wanted to lay venue where the plaintiff was residing when he was injured, it could have said so expressly." *Id.* The Court agrees with the reasoning and the decision in *Woodke*. With the § 1391(b)(2) inquiry focused on the activities of the defendant, it is clear that no substantial part of the events or omissions giving rise to Cabot's Lanham Act claim occurred in the Southern District of Texas.

The Court is persuaded also by the reasoning and decision in *Francesca's Collections, Inc. v. Medina*, 2011 WL 3925062 (S.D. Tex. Sept. 7, 2011). In that Lanham Act case, as here, the plaintiff argued that venue was proper in the Southern District of Texas based on the defendant's interactive website and a page on Facebook, both accessible in the district. The Court in *Medina* held that "the mere presence of an interactive website is insufficient to confer venue where, as here, a plaintiff presents no evidence of *actual interactivity* within the district, nor of sales, shipments, or any other commercial activity within the district." *See Medina*, 2011

WL 3925062 at *2 (emphasis in original), and cases cited therein.  As explained in *Medina*:

> Were it otherwise, then in any case involving only a website through which *potential* commercial interactions could be made, even though none had ever occurred, the reach of the internet alone would make venue proper in any district in the United States, or indeed, anywhere in the world, regardless of whether any acts were directed at the forum itself. This would stretch the notion of venue far beyond its accepted bounds.

*Medina*, 2011 WL 3925062 at *3.  The *Medina* court noted that "at the very least, the defendant must have *targeted its market and advertising efforts at the district in question . . . .*" Id. (quoting *G.F.C. Fashions, Ltd. v. Goody's Family Clothing, Inc.*, 1998 WL 78292, *2 (S.D.N.Y. Feb. 24, 1998) (emphasis added in *Medina*).

Other district courts in the Fifth Circuit have similarly required more than the existence of an interactive website accessible in the district for there to be proper venue.  In *Expedite It AOG, LLC v. Clay Smith Engineering, Inc.*, 2010 WL 2671314, *5 (N.D. Tex. June 30, 2010), the district court held that venue was improper where the defendant's only activities in the district were faxing a cease and desist letter to the plaintiff and occasional sales to Texas residents through the defendant's website. In *Action Tapes, Inc. v. Weaver*, 2005 WL 3199706 (N.D. Tex. Nov. 23, 2005), the district court held that both venue and personal jurisdiction were improper where a Missouri resident sold an item through an eBay auction to a resident in Dallas.

The Court recognizes that venue may, in appropriate circumstances, be proper in a Lanham Act case in a district where consumer confusion occurs. *See Tran Enterprises, LLC v. Dao*, 2010 WL 5092968, *4 (S.D. Tex. Dec. 7, 2010). In this case, however, Cabot has failed to identify any consumer who accessed the WCS website in the Southern District of Texas and was confused by the information regarding the Marcellus Shale. Absent a showing of activity by defendant or confusion in this district, the mere possibility that someone in the Southern District of Texas *might* have accessed the WCS website, *might* have seen the page containing the Marcellus Shale information, and *might* have been confused by it is an inadequate basis for venue under § 1391(b)(2).

Having determined that venue is not proper in this district, the Court finds that the interest of justice favors transfer rather than dismissal. As a result, the Court exercises its discretion to transfer this case pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Western District of Texas, Midland-Odessa Division, where WCS is located.

## III.  CONCLUSION AND ORDER

Plaintiff has failed to allege a factual basis for venue in the Southern District of Texas. Rather than dismiss the case, however, the Court finds that the interest of justice favors transfer to the proper venue. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss Pursuant to Rule 12(b)(3) [Doc. # 10] is **GRANTED** only to the extent that the case will be **TRANSFERRED** by separate order to the United States District Court for the Western District of Texas, Midland-Odessa Division. It is further

**ORDERED** that the Motion to Dismiss Pursuant to Rule 12(b)(6) is **TRANSFERRED** with the case. It is further

**ORDERED** that the Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) is **DENIED AS MOOT**.

SIGNED at Houston, Texas, this **12th** day of **June, 2012**.

_____
Nancy F. Atlas
United States District Judge